IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON,
     Plaintiff,

vs.                             Case No:  3:06cv190/MCR/EMT

U.S. POSTAL SERVICE,
     Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

     This cause is before the court upon Plaintiff's "Writ of Mandamus" (Doc. 1) and motion to proceed in forma pauperis (IFP) (Doc. 5).  This court previously denied Plaintiff's motion to proceed IFP (Doc. 6).  However, upon consideration of Plaintiff's "Objection" and "Motion for Rehearing/ Clarification" (Docs. 7, 8), which will be construed as a Motion for Reconsideration of the order denying IFP, leave to proceed IFP shall be granted for the limited purpose of dismissal of this action.

     Plaintiff initiated this action by filing a petition for writ of mandamus on May 1, 2006 (Doc. 1).  In Plaintiff's petition, he requests that the court issue an order compelling the United States Postal Service to deliver mail to "1608 W. Desoto [Street, Pensacola Florida, 32501]" (*id.* at 1). Plaintiff also seeks monetary damages in the amount of $150,000.00 (*id.*).[1]

     Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a complaint on the basis of lack of subject matter jurisdiction. "A motion to dismiss for lack of jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus

---

[1]The court notes that this court has previously dismissed Plaintiff's nearly identical complaint requesting the court to issue a writ of mandamus compelling the court to order the United States Postmaster to deliver mail to his "2011 W. Garden Street" address.  *See* Pearson v. Walker, Case No. 3:05cv320/RV/EMT, Doc. 27 (report and recommendation) and Doc. 28 (order adopting report and recommendation).

the court's resolution of disputed facts." Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Under Federal Rule of Civil Procedure 8, Plaintiff bears the burden of showing that the court has jurisdiction over his claim, and he must include a short and plain statement of the grounds upon which the court's jurisdiction depends. If the court lacks subject matter jurisdiction, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

Initially, although Plaintiff has not cited the federal mandamus statute in his complaint, he has titled his complaint "Writ of Mandamus" and has failed to cite any other statute pursuant to which he seeks relief. Therefore, the court will construe this action as one brought pursuant to the mandamus statute, 28 U.S.C. 1361. However, this statute alone does not establish subject matter jurisdiction over this action. "The general rule governing pleading Federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a Federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is Federal jurisdiction." Fountain v. New Orleans Public Service, Inc., 265 F. Supp. 630, 632 (E.D. La. 1967) (citing Beeler v. United States, 338 F.2d 687, 689 (3d Cir. 1964)); see also Gilbeaux v. University of Texas Medical Branch, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (mere citation to a federal statute in the heading of a complaint form is insufficient to invoke federal jurisdiction). Moreover, the mandamus statute does not provide an independent ground for jurisdiction in the federal district courts. See Maczko v. Joyce, 814 F.2d 308, 309-310 (6th Cir. 1987) (federal court must have independent basis for subject matter jurisdiction for issuance of writ of mandamus); Starbuck v. City and County of San Francisco, 556 F.2d 450, 459 n.18 (9th Cir. 1977) (§ 1361 does not provide an independent ground for jurisdiction) (citing Wright, Handbook of the Law of Federal Courts, p. 84 (3d ed. 1976)).

To determine whether subject matter jurisdiction exists, the court must consider the elements for issuance of a writ of mandamus, as set out in 28 U.S.C. § 1361. Section 1361 states, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement

to the writ, a court must find that a duty is owed to the plaintiff." Maczko, 814 F.2d at 310; *see also* Vishnevsky v. United States, 581 F.2d 1249, 1253 and n.4 (7th Cir. 1978).  Plaintiff must show that the duty arises from a mandatory or ministerial obligation; if the alleged duty is discretionary or directory, the duty is not owed for purposes of § 1361.  Short v. Murphy, 512 F.2d 374, 377 (6th Cir. 1975).  Further, a duty is not "owed" unless the obligation is "'plainly defined and peremptory.'" United States v. Battisti, 486 F.2d 961, 964 (6th Cir. 1973) (quoting Albert v. United States District for Western District of Michigan, 283 F.2d 61, 62 (6th Cir. 1960) (citations omitted)); *see also* Martins Ferry Hosp. Ass'n v. National Labor Relations Board, 654 F.2d 455, 456 (6th Cir. 1981) (per curiam) (writ of mandamus is an extraordinary remedy and shall not issue unless petitioner establishes that he has a clear and certain right and that respondent's duties are ministerial, plainly defined, and peremptory); Vishnevsky, 581 F.2d at 1253.

Accordingly, in order for this court to have subject matter jurisdiction over the instant action, Plaintiff must show that Defendant had a plainly defined and mandatory duty to deliver mail to 1608 W. Desoto Street.  Relevant regulations provide that the establishment of mail delivery service within a city may be *considered* when certain requirements are met, including when the population or number of deliveries exceeds 2,500 and 750, respectively; "[a]t least 50 percent of the building lots in the area to be served are improved with houses or business places . . . ."; streets are paved or otherwise improved; "[s]treets are named and house numbers are assigned by the municipal authorities in accordance with Management Instruction DM-940-89-3, Addressing Conventions"; street signs are in place and house numbers are displayed; satisfactory walks exist for the postal carrier; and approved mail receptacles or door slots are installed.  Postal Operations Manual (POM) 641.2(b)(d) (emphasis added).[2]

Thus, despite the fact that Plaintiff has alleged that Defendant has a "ministerial duty" to Plaintiff (Doc. 1 at 1), the regulations clarify that the decision of whether to deliver mail to a particular address is entrusted to the discretion of postal officials.  Moreover, Plaintiff has not alleged that Defendant owes him a clear and peremptory duty to deliver mail to 1608 W. Desoto

---

[2]The POM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 211.2(a)(2) as an official regulation of the Postal Service and has the force and effect of law.

Street, Pensacola, FL  32501.  Therefore, Plaintiff has not established a jurisdictional basis for his claim.          Plaintiff's claim for monetary damages under the mandamus statute is similarly subject to dismissal.  Where a claim involves unliquidated damages, jurisdiction does not exist under § 1361.  Maczko, 814 F.2d at 310; *see also* Spaulding v. Nielsen, 599 F.2d 728 (5th Cir. 1979)[3] (a claim for unliquidated money damages cannot be maintained under § 1361); Hudiburgh v. United States, 626 F.2d 813, 814 (10th Cir. 1980) (mandamus not intended for claims involving unliquidated money damages).  Thus, this court does not have jurisdiction over Plaintiff's claim for monetary damages.

Even if the court were to determine that jurisdiction existed, Plaintiff has not established entitlement to the writ.  As noted by the Court in Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S. Ct. 188, 190, 66 L. Ed. 2d 193 (1980) (citations omitted), "It is not disputed that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  A party seeking issuance of the writ must have no other adequate means to attain the relief he desires, and he must establish a "clear and indisputable" right to the writ.  *Id.* at 35–36.  For the reasons stated above, the matter at issue here is committed to the discretion of postal authorities; thus, it cannot be said that Plaintiff's right to have mail delivered to the address he desires is "clear and indisputable."

Accordingly, it is **ORDERED**:

This court's order issued May 6, 2006 (Doc. 6) is **VACATED**, and Plaintiff's motion to proceed in forma pauperis (Doc. 5) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the petition for writ of mandamus (Doc. 1) be **DISMISSED** with prejudice and the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).